# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD BACQUIE,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT DIDIO, CAPITAL ONE BANK, CAPITAL ONE 360, TD BANK,<br><br>        Defendants. | Civ. No. 2:18-cv-14905 (ES)(CLW)<br><br>**OPINION & ORDER** |

**WALDOR, Magistrate Judge,**

This matter comes before the Court by way of Defendant Robert Didio's Motion to Change Venue. (ECF No. 27) ("Motion"). The Court declined to hear oral argument pursuant to Rule 78 and as set forth more fully below, the Court **GRANTS** the Motion to Change Venue.

**BACKGROUND**

On October 10, 2018, Plaintiff Richard Bacquie ("Plaintiff") filed a *pro se* Complaint in this Court against Defendants Robert Didio, Capital One Bank, Capital One 360, and TD Bank. Plaintiff alleges that he contracted with Didio for legal services in connection with a criminal matter in New York State Supreme Court, Queens County. (Complaint, ECF No. 1). Over the course of several transactions and several dates, funds from Plaintiff's bank accounts were wire transferred to Didio. (*Id.* at 5). Plaintiff alleges that these funds were released without his permission and now brings claims against Didio for breach of contract and fraud and against Capital One and TD Bank for violations of 42 U.S.C. § 1981.

On January 16, 2019, Defendant TD Bank filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 17). On January 17, 2019 Dido filed his First Motion to Change Venue. (ECF No. 18). In response, Plaintiff filed a Motion for Extension of Time to Amend the Complaint, which was granted by the Court. (ECF No. 22). Plaintiff subsequently filed an

1

Amended Complaint on February 21, 2019. (ECF No. 24). Following this filing, the Honorable Esther Salas denied without prejudice both the Motion to Dismiss and the First Motion to Change Venue on February 26, 2019. (ECF No. 25). On March 7, 2019, Defendant Robert Didio filed this Motion pursuant to Federal Rule of Civil Procedure 12(b)(3). (ECF No. 27). On March 8, 2019, TD Bank filed a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 28). TD Bank filed a response to Didio's Motion on March 18, 2019 stating that they did not oppose the Motion on the merits but asked that its Motion to Dismiss the Amended Complaint be decided first. (ECF No. 31). On March 29, 2019 Plaintiff filed his opposition to the Motion to Dismiss and the Motion to Change Venue. (ECF No. 32) ("Opposition").

## DISCUSSION

### A. Venue

Pursuant to Rule 12(b)(3), a defendant may raise the defense of improper venue and move that a case be transferred to another district. Under 28 U.S.C. § 1406, a court must dismiss a case laying venue in the wrong district, or, if the interest of justice so requires, transfer the case to another judicial district. Title 28 U.S.C. § 1391(b) provides that venue is proper only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Here, § 1391(b)(1) is inapplicable because Didio is not a resident of New Jersey. (Motion at 4). Therefore, the Court should look to § 1391(b)(2).

When determining whether a "substantial part of the events giving rise to a cause of action occurred in a specific jurisdiction" the test is "not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim." *Bockman v. First Am. Mktg. Corp.*, 459 Fed. Appx. 157, 161 (3d Cir. 2012). It is also "necessary to look at the nature of the dispute." *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994).

Didio argues that the events that give rise to Plaintiff's claims all occurred and only occurred in the Eastern District of New York. (Motion at 5). According to Didio's affadvait, Plaintiff was a resident of the County of Queens, which is located in the Eastern District of New York, at the time he entered into the contract underlying this action with Didio, a resident of New York who had his law office also in Queens. (Didio Affadvait, ECF No. 18-3, Exh. 2). All work performed by Didio under the contract was while Plaintiff was a resident of New York. (*Id.*) Plaintiff alleges that he was a resident of New Jersey when Didio took possession of the money wired from Plaintiff's accounts, but does not dispute Didio's contention that his law office is in Queens or that the contract was signed and the work performed by Didio took place in the Eastern District of New York. (Opposition at 7).

The Court finds that a "substantial part" of the events took place in the Eastern District of New York. Although venue can be proper in more than one district provided that a "substantial part" of the events occurred in more the one district (*see Cottman Transmission Systems, Inc.*, 36 F.3d at 294 (3d Cir. 1994)), the Court does not find that a substantial part took place in New Jersey. The fact that Plaintiff lived in New Jersey at the time Didio took possession of the funds is of no consequence to the question presently before the Court because it was the alleged fraudulent activity of Didio as an attorney whose practice is located in Queens as well as the

alleged contractual failures that give rise to this suit. Therefore, the Court does not find that New Jersey is a proper venue under § 1391(b) and will consider Didio's request to transfer this case to the Eastern District of New Jersey.

## B. Transfer

Pursuant to Rule 12(b)(3), a defendant may raise the defense of improper venue and move that a case be transferred to another district. Under 28 U.S.C. § 1406, a court must dismiss a case laying venue in the wrong district, or, if in the interest of justice so requires, transfer the case to another judicial district. "Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *See NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Section 1406 was enacted to avoid the "injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess" as to the facts underlying the choice of venue. *Goldlawr, Inc.*, 369 U.S. at 466.

A transfer is appropriate here and "in the interest of justice" because there is an alternative venue, and a fairly convenient one. As discussed above, the "substantial part" of the conduct giving rise to these claims occurred in the Eastern District of New York. In addition, it is highly likely that the Eastern District of New York can exercise personal jurisdiction over all Defendants. Therefore, the Eastern District of New York is the appropriate venue for this action, and this Court will transfer the case there.

## **CONCLUSION**

Didio's Motion to Change Venue pursuant to Rule 12(b)(3) and § 1406(a) is **GRANTED**, and this case will be transferred to the United States District Court for the Eastern District of New York.

**ACCORDINGLY, IT IS** ordered on this 29th day of May, 2019,

**ORDERED** that this case is hereby transferred o the United States District Court for the Eastern District of New York; and

**ORDERED** that this cause of action is closed.

s/ Cathy Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**
